OUR FILE NO. 40.NJC78
CALLAN, KOSTER, BRADY & BRENNAN
740 Broad Street
P.O. Box 7520
Shrewsbury, New Jersey  07702
(732)345-9333
Attorneys for Defendant, Qimmah Dozier

| | |
|---|---|
| CHRISTOPHER COON and LEIDA COON, his wife, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY |
| Plaintiffs, | Docket No.: UNN-L-1572-09 |
| vs. | **ORDER** |
| WALEED T. DOZIER and QIMMAH A. DOZIER, THE CITY OF NEWARK, NEW JERSEY, A MUNICIPALITY AND PUBLIC ENTITY INCORPORATED PURSUANT TO THE LAWS OF THE STATE OF NEW JERSEY, THE POLICE DEPARTMENT OF THE CITY OF NEWARK, NEW JERSEY and its employees, NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, which individuals represent fictitious names for actual persons employed by the CITY OF NEWARK AND THE CITY OF NEWARK POLICE DEPARTMENT whose real names and identities are presently unknown and who are named pursuant to R. 4:26-4, THE CITY OF ELIZABETH, A MUNICIPALITY AND PUBLIC ENTITY INCORPORATED PURSUANT TO THE LAWS OF THE STATE OF NEW JERSEY, THE POLICE DEPARTMENT OF THE CITY OF ELIZABETH, NEW JERSEY, and its employees, DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, which individuals represent fictitious names for actual persons employed by the CITY OF ELIZABETH AND THE CITY OF ELIZABETH POLICE DEPARTMENT whose real names and identities are presently unknown and who are named pursuant to R. 4:26-4, THE TOWNSHIP OF | **FILED** FEB 0 5 2010 KATHRYN A. BROCK J.S.C. |

HILLSIDE, NEW JERSEY, A
MUNICIPALITY AND PUBLIC ENTITY
INCORPORATED PURSUANT TO THE
LAWS OF THE STATE OF NEW
JERSEY, THE POLICE DEPARTMENT
OF THE TOWNSHIP OF HILLSIDE,
NEW JERSEY, and its employees,
GUNTHER TOOTIE, FRANCIS
MULDOON, ANTHONY BARETTA,
STEVE McGARRETT AND JOE
MANNIX, which individuals represent
fictitious names for actual persons
employed by the TOWNSHIP OF
HILLSIDE AND THE TOWNSHIP OF
HILLSIDE POLICE DEPARTMENT
whose real names and identities are
presently unknown and who are named
pursuant to R. 4:26-4,

                    Defendants.

**THIS MATTER** having been presented to the Court by Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinins, attorneys for Plaintiffs, for leave to file a Second Amended Complaint, asserting violations of Plaintiffs' civil rights, and there being (opposition) (no opposition) thereto; and the Court having considered the moving papers, and for good cause shown,

**IT IS** on this _____ day of February 2010,

**ORDERED** that Plaintiffs' Motion is hereby is granted with respect to the municipal defendants and employees of the municipal defendants only; and it is

**FURTHER ORDERED** that Plaintiff's' Motion is denied with respect to defendant, Qimmah Dozier; and it is

**FURTHER ORDERED** that a copy of the within Order be served upon all counsel of record within _____ days of the date hereof.

_Unopposed._                    _Kathryn A. Brock_
                                          J.S.C.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Park Place Legal Center
959 South Springfield Avenue
Springfield, New Jersey 07081
Telephone No. (973) 379-4200
Attorneys for Plaintiffs
--------------------------------
PLAINTIFFS

CHRISTOPHER COON AND LEIDA COON,
HIS WIFE

                    vs.

DEFENDANTS

WALEED T. DOZIER, QIMMAH A.
DOZIER,

**THE CITY OF NEWARK, NEW
JERSEY, A MUNICIPALITY AND
PUBLIC ENTITY INCORPORATED
PURSUANT TO THE LAWS OF THE
STATE OF NEW JERSEY, THE
POLICE DEPARTMENT OF THE CITY
OF NEWARK, NEW JERSEY** and its
actual employees, OFFICER X. SANTIAGO,
OFFICER F. OLOYEDE AND SGT. I.
FERREIRA, as well as NASH BRIDGES,
PONCH PONCHERELLO, T.J. HOOKER, BARNEY
FIFE, MIKE HAMMER, THEO KOJAK, OFFICER
JOE BOLTON, which latter-named
individuals represent fictitious names
for actual persons employed by the
**CITY OF NEWARK AND THE CITY OF
NEWARK POLICE DEPARTMENT** whose
real names and identities are
presently unknown and who are
named pursuant to R.4:26-4;

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY

Docket No. UNN L-1572-09

CIVIL ACTION

SECOND AMENDED COMPLAINT
DEMAND FOR TRIAL BY JURY
DESIGNATION OF TRIAL ATTORNEY
DEMAND FOR ANSWERS TO
INTERROGATORIES

THE CITY OF ELIZABETH, A
MUNICIPALITY AND PUBLIC ENTITY
INCORPORATED PURSUANT TO THE
LAWS OF THE STATE OF NEW JERSEY,
THE POLICE DEPARTMENT OF THE
CITY OF ELIZABETH, NEW JERSEY
and its actual employees, OFFICER
Y. BELON AND OFFICER P. FIDALGO, as
well as DAVID STARSKY, KENNETH "HUTCH"
HUTCHINSON, REMINGTON STEEL, OFFICER
KRUPKE, BARNEY MILLER, AND SAM SPADE,
which individuals latter-named
represent fictitious names for actual
persons employed by the CITY OF
ELIZABETH AND THE CITY OF ELIZABETH
POLICE DEPARTMENT whose real names
and identities are presently unknown
and who are named pursuant to
R.4:26-4,

THE TOWNSHIP OF HILLSIDE NEW
JERSEY, A MUNICIPALITY AND PUBLIC
ENTITY INCORPORATED PURSUANT TO
THE LAWS OF THE STATE OF NEW JERSEY,
THE POLICE DEPARTMENT OF THE TOWNSHIP
OF HILLSIDE, NEW JERSEY and its actual
employees, OFFICER JOE COCUZZO,
OFFICER RONALD BARTELL, OFFICER CARLOS
GARCA AND OFFICER TIMOTHY MIDDLEBROOKS,
as well as GUNTHER TOOTIE, FRANCIS MULDOON,
ANTHONY BARETTA, STEVE McGARRETT AND JOE
MANNIX which latter-named individuals
represent fictitious names for actual
persons employed by the
TOWNSHIP OF HILLSIDE AND THE
TOWNSHIP OF HILLSIDE POLICE
DEPARTMENT whose real names and
identities are presently unknown
and who are named pursuant to R.4:26-4,
--------------------------------------------

-2-

Plaintiffs, Christopher Coon and Leida Coon, his wife, residing at 782 Hillside Road in the City of Rahway, County of Union and State of New Jersey, by way of complaint against all Defendants say:

<u>GENERAL FACTS APPLICABLE TO ALL COUNTS</u>

1. At all times hereinafter relevant, the Defendants, The City of Newark, The Police Department of the City of Newark; The City of Elizabeth, The Police Department of the City of Elizabeth; The Township of Hillside, and the Police Department of the Township of Hillside were municipalities and/or agencies or departments of municipalities that are public entities of the State of New Jersey.

2. At all times herein relevant and pertinent, the Defendants, **THE CITY OF NEWARK, NEW JERSEY, A MUNICIPALITY AND PUBLIC ENTITY INCORPORATED PURSUANT TO THE LAWS OF THE STATE OF NEW JERSEY, THE POLICE DEPARTMENT OF THE CITY OF NEWARK, NEW JERSEY,** its actual employees, Officer X. Santiago, Officer F. Oloyede and Sgt. I. Ferreira, and fictitious named employees NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, who represent fictitious names for actual persons employed by the **CITY OF NEWARK AND THE CITY OF NEWARK POLICE DEPARTMENT** and whose real names and

-3-

identities are presently unknown but are named pursuant to
R.4:26-4; THE CITY OF ELIZABETH, A MUNICIPALITY AND PUBLIC ENTITY
INCORPORATED PURSUANT TO THE LAWS OF THE STATE OF NEW JERSEY, THE
POLICE DEPARTMENT OF THE CITY OF ELIZABETH, its actual employees,
Officer Belon and Officer Fidalgo, and fictitious named employees
DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL,
OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, who represent
fictitious names for actual persons employed by the CITY OF
ELIZABETH AND THE CITY OF ELIZABETH POLICE DEPARTMENT and whose
real names and identities are presently unknown but are named
pursuant to R.4:26-4; and THE TOWNSHIP OF HILLSIDE, NEW JERSEY, A
MUNICIPALITY AND PUBLIC ENTITY INCORPORATED PURSUANT TO THE LAWS
OF THE STATE OF NEW JERSEY, THE POLICE DEPARTMENT OF THE TOWNSHIP
OF HILLSIDE, NEW JERSEY, its actual employees, Officer Joe
Cocuzza, Officer Ronald Bartell, Officer Carlos Graca and Officer
Timothy Middlebrook, and fictitious named employees GUNTHER
TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE
MANNIX, who represent fictitious name for actual persons employed
by the TOWNSHIP OF HILLSIDE AND THE TOWNSHIP OF HILLSIDE POLICE
DEPARTMENT and whose real names and identities are presently
unknown but are named pursuant to R.4:26-4, were public entities
or public employees.

  3.   The employees of each of the respective municipalities
named as fictitious names for real persons whose actual

-4-

identities are presently unknown were employed by the City of Newark, City of Elizabeth, Township of Hillside and their respective police departments in various capacities including police officer, dispatcher, supervisor and/or radio operator.

4.  At all times herein relevant and pertinent, all individually named Defendants were acting in the course of their employment and agency with the City of Newark, Police Department of the City of Newark, Township of Hillside, Police Department of the Township of Hillside, City of Elizabeth and Police Department of The City of Elizabeth, respectively.

5.  Timely Notices of Claim were sent to the City of Newark, Township of Hillside and City of Elizabeth pursuant to the NEW JERSEY TORT CLAIMS ACT, N.J.S.A. 59:1-1 et. seq.  Six months has elapsed since the filing of such notices, and no disposition of the claims have been made.

6.  At all times herein relevant and pertinent, there existed Guidelines established by the Attorney General of the State of New Jersey to govern the actions and conduct of law enforcement and police departments and agencies including those of Newark, Hillside and Elizabeth, establishing standards and otherwise providing Rules and Regulations to be followed in matters involving police pursuit of vehicles.

7.  At all times herein relevant, Leida Coon was the wife of Christopher Coon.

## COUNT ONE

1.   On or about the 2nd day of December 2008, Christopher Coon was the occupant of a certain motor vehicle located at the intersection of South Broad Street and Routes 1 & 9 South in the City of Elizabeth, County of Union, State of New Jersey.

2.   At or about said time, date and place the Defendant, Qimmah A. Dozier, was the owner of a certain motor vehicle that was then and there being operated with his permission and as his agent,  by the Defendant, Waleed T. Dozier.

3.   The Defendant, Waleed T. Dozier, did operate the vehicle owned by the Defendant, Qimmah A. Dozier, in a negligent manner and in willful and wanton disregard of the rights of others, including the Plaintiff, Christopher Coon.

4.   As a direct and proximate result of the negligence and gross negligence of the Defendant, Waleed T. Dozier, in the operation of the vehicle owned by Defendant, Qimmah A. Dozier, and in failing to observe and heed traffic signals and otherwise operating his motor vehicle in a negligent manner and in gross and wanton disregard of the rights of others, said vehicle struck the vehicle in which the Plaintiff, Christopher Coon, was an occupant.

5.   As a direct and proximate result of the negligence and gross negligence of the Defendant, Waleed T. Dozier, as aforesaid, the Plaintiff, Christopher Coon was caused to sustain

and did sustain serious and severe permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon, demands judgment against Defendants, Waleed T. Dozier and Qimmah A. Dozier, jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

<u>COUNT TWO</u>

1.  The Plaintiff repeats each and every allegation of Count One of the Complaint as though set forth herein more fully at length.

2.  The Defendant, Qimmah A. Dozier, did negligently entrust the vehicle owned by him to the Defendant, Waleed T. Dozier, either knowingly being aware or negligently failing to be aware of the fact that Defendant, Waleed T. Dozier, was a suspended driver and was otherwise irresponsible and unfit to operate said vehicle.

3.  As a direct and proximate result of the negligence and gross negligence of the Defendants, Qimmah A. Dozier and Waleed T. Dozier, as aforesaid, the Plaintiff, Christopher Coon, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians,

-7-

hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon, demands judgment against Defendants, Quimmah A. Dozier and Waleed T. Dozier jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## COUNT THREE

1.  The Plaintiff repeats each and every allegation of Count One and Count Two of the Complaint as though set forth herein more fully at length.

2. On or about the 2nd day of December, 2008, the City of Newark and the Police Department of the City of Newark through its individual police officers, including Officers X. Santiago, F. Oloyede and Sgt. Ferreira, superior officers, dispatchers and radio operators, previously designated by fictitious names pursuant to R.4:26-4, began the pursuit of a certain motor vehicle in the City of Newark.

3.  Said pursuit initiated by the City of Newark and the Police Department of the City of Newark, through its agents, servants, employees and representatives, joined and advanced the danger of said pursuit enhanced by the actions, inactions and conduct of Police Department of the Township of Hillside and its officers Cocuzza, Bartell, Graca and Middlebrooks and the conduct of the Police Department of the City of Elizabeth and its

-8-

Officers Belon and Fidalgo, and all previously identified fictitiously named Defendants.

4. The aforesaid pursuit was initiated and otherwise conducted in a negligent and careless manner, in violation of proper law enforcement standards and practices, and at great risk to the safety of the Plaintiff and other members of the public and was conducted in violation of the Guidelines of the Attorney General of the State of New Jersey.

5. Said pursuit culminated in the Dozier vehicle that was being negligently and improperly pursued in violation of proper standards and practices, colliding with the vehicle then and there being occupied by the Plaintiff, Christopher Coon, at the intersection of South Broad Street and Routes No. 1 & 9 south in the City of Elizabeth, County of Union, State of New Jersey.

6. As a direct and proximate result of the negligence and deviation from accepted standards of police conduct and the actions and inactions of the Newark police, including Newark Police Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, in failing to properly maintain and/or failing to discontinue said pursuit, the Plaintiff was caused to be struck by the vehicle owned by Defendant Qimmah Dozier and operated by Defendant Waleed Dozier which was being negligently and improperly pursued by the police departments of the City of Newark, Township of Hillside and City of Elizabeth, through their agents and representatives.

7.  As a direct and proximate result of the negligence of all Defendants as aforesaid, the Plaintiff, Christopher Coon was caused to sustain and did sustain permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX, fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious named persons pursuant to R.4:26-4, Waleed Dozier and Qimmah Dozier, jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## COUNT FOUR

1.  The Plaintiff repeats each and every allegation of the Counts One through Three of the Complaint as though set forth herein more fully at length.

2.  Defendants, The City of Newark, The Police Department of the City of Newark, its Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; the Township of Hillside, The Police Department of the Township of Hillside, its Officers Joe Cocuzza, Ronald Bartell, Carlos Graca and Timothy Middlebrooks, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; and the City of Elizabeth, The City of Elizabeth Police Department, its Officers Y. Belon and P. Fidalgo, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; did negligently train, fail to train, improperly train, supervise, instruct, and otherwise fail to provide proper guidance and instruction to their agents, servants, employees and representatives with respect to proper techniques and methods applicable to police pursuits directing and exercising control and said Defendants were otherwise negligent in the hiring and training of their employees and in the radio monitoring, directing and exercising control of the subject pursuit.

3.  As a direct and proximate result of the negligence of the Defendants, The City of Newark, The Police Department of the City of Newark, its Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; The Township of Hillside, The Police Department of the Township of Hillside, its Officers Joe Cocuzza, Ronald Bartell, Carlos Graca and Timothy Middlebrooks, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; and the City of Elizabeth, The City of Elizabeth Police Department, its Officers Y. Belon and P. Fidalgo, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4, Plaintiff Christopher Coon, was caused to sustain and did sustain permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, all fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside,

its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX all fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, all fictitious named persons pursuant to R.4:26-4; Waleed Dozier and Qimmah Dozier jointly, severally or in the alternative, in

the amount of his damages together with interest and costs of suit.

## COUNT FIVE

1.   The Plaintiff repeats each and every allegation of Counts One through Four of the Complaint as though set forth herein more fully at length.

2.   The City of Newark, The Police Department of Newark, its Officers S. Santiago, F. Oloyede and Sgt. I. Ferreira, and their agents, servants, employees or representatives named as fictitious persons pursuant to R. 4:26-4; The Township of Hillside, The Police Department of the Township of Hillside, its Officers Joe Cocuzza, Ronald Bartell, Carlos Graca and Timothy Middlebrooks, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; and The City of Elizabeth and the City of Elizabeth Police Department, its Officers Y. Belon and P. Fidalgo, and their agents, servants and representatives named as fictitious persons pursuant to R.4:26-4; did negligently continue a pursuit previously undertaken that proper professional standards and conduct should have resulted in being discontinued since any initial justification for said pursuit was outweighed by the attendant risks of harm to members of the public, including the Plaintiff, and said pursuit was improperly conducted maintained and sustained in violation of applicable standards, guidelines

-14-

and appropriate police procedures and conduct.

3. As a direct and proximate result of the conduct of the Defendants, The City of Newark, The Police Department of Newark, its Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; The Township of Hillside, The Police Department of the Township of Hillside, its Officers Joe Cocuzza, Ronald Bartell, Carlos Graca and Timothy Middlebrooks, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; and The City of Elizabeth, the City of Elizabeth Police Department, its Officers Y. Belon and P. Fidaglo, and their agents, servants and representatives named as fictitious persons pursuant to R.4:26-4; the Plaintiff, Christopher Coon, was caused to sustain and did sustain permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, all fictitious named persons pursuant to R.4:26-4; and the Township

of Hillside, The Police Department of the Township of Hillside,
its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and
Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON,
ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX all fictitious
named persons pursuant to R.4:26-4; and the City of Elizabeth,
City of Elizabeth Police Department, its actual Officers Y. Belon
and  P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON,
REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE,
all fictitious named persons pursuant to R.4:26-4; Waleed Dozier
and Qimmah Dozier jointly, severally or in the alternative, in
the amount of his damages together with interest and costs of
suit.

## COUNT SIX

1.  The Plaintiff repeats each and every allegation of
Counts One through Five of the Complaint as though set forth
herein more fully at length.

2.  Defendants, The City of Newark, The Police Department of
the City of Newark, its Officers X. Santiago, F. Oloyede and Sgt.
I. Ferreira, and their agents, servants, employees or
representatives named as fictitious persons pursuant to R.4:26-4;
the Township of Hillside, The Police Department of the Township
of Hillside, its Officers Joe Cocuzza, Ronald Bartell, Carlos
Graca and Timothy Middlebrooks, and their agents, servants,
employees or representatives named as fictitious persons pursuant

to R.4:26-4; and the City of Elizabeth, The City of Elizabeth Police Department, its Officers Y. Belon and P. Fidalgo, and their agents, servants, employees or representatives named as fictitious persons pursuant to R.4:26-4; did negligently undertake to continue a pursuit begun by the City of Newark Police Department without proper reason to do so and in violation of proper police conduct and procedure which should have appropriately led the police departments of the Township of Hillside and City of Elizabeth and their agents and personnel to discontinue and/or otherwise not participate in and not engage in such conduct that served to continue and accelerate and heighten said pursuit at risk to members of the public including the Plaintiff.

3.   As a direct and proximate result of said actions and inactions of City of Newark; City of Newark Police Department, The Township of Hillside, The Police Department of the Township of Hillside, The City of Elizabeth, The Police Department of the City of Elizabeth, and their agents, servants and employees, including Officers X. Santiago, F. Oloyede; Sgt. I Ferreira, Officer Joe Coucca, Carlos Graca,  Timothy Middlebrooks, Officer Y. Belon and  P. Fidalgo, and others previously named pursuant to R.4:26-4, the vehicle owned by the Defendant Qimmah Dozier and operated by Waleed Dozier as his agent, servant, employee was caused to collide with the vehicle then and there being occupied

-17-

by the Plaintiff Christopher Coon.

4. As a direct and proximate result, Plaintiff Christopher Coon was caused to sustain and did sustain permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX, fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious named persons pursuant to R.4:26-4; Waleed Dozier and Qimmah Dozier, jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

-18-

## COUNT SEVEN

1.  The Plaintiff repeats each and every allegation of the Count One through Count Six of the Complaint as though set forth herein more fully at length.

2.  The actions and inactions of the dispatchers, radio operators and supervisors of the pursuit by the City of Newark, City of Newark Police Department, its Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, their agents, servants, employees and representatives named pursuant to R.4:26-4; the Township of Hillside and Township of Hillside Police Department, its Officers Joe Cocuzza, Ronald Bartell, Carlos Graco and Timothy Middlebrooks, their agents, servants, employees and representatives named pursuant to R.4:26-4 and the further actions of City of Elizabeth and City of Elizabeth Police Department, its officers Y. Belon and P. Fidalgo, their agents, servants and representatives named pursuant to R.4:26-4; was conducted in a negligent and careless manner in defiance and violation of proper training and monitoring and in violation of the Guidelines for Police Pursuits issued by the Attorney General of the State of New Jersey.

3.  As a direct and proximate result of the actions and inactions of the Defendants, as aforesaid, Defendant Waleed Dozier was caused to collide with the vehicle then and there being occupied by the Plaintiff Christopher Coon.

-19-

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX, fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and  P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious named persons pursuant to R.4:26-4; Waleed Dozier and Qimmah Dozier, jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## COUNT EIGHT

1.   The Plaintiff, Leida Coon, repeats each and every allegation of the Count One through Count Seven of the Complaint as though set forth herein more fully at length.

2.   At all times relevant herein, Plaintiff, Leida Coon, was the lawful spouse of Plaintiff, Christopher Coon.

3.   As a direct and proximate result of the negligence of

Defendants as aforesaid, Plaintiff, Leida Coon, was caused to be deprived of the services, society, companionship and consortium of Plaintiff, Christopher Coon, and suffered other damages as the result of physical injuries sustained by her husband.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX, fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious named persons pursuant to R.4:26-4; Waleed Dozier and Qimmah Dozier, jointly, severally or in the alternative, in the amount of his damages together with interest and costs of suit.

## COUNT NINE

1.   Plaintiffs Christopher Coon and Leida Coon, his wife, repeat each and every allegation of Count One through Count Eight

of the Complaint as though set forth herein more fully at length.

2.    The actions or inaction of Defendants, City of Newark, City of Newark Police Department, Officer X. Santiago, Officer F. Oloyede and Sgt. I. Ferriera, City of Elizabeth, City of Elizabeth Police Department, Officer Y. Bellon, Officer P. Fidalgo, the Township of Hillside, Township of Hillside Police Department, Officer Joe Cocuzza, Officer Ronald Bartell, Officer Carlos Graca, Officer Timothy Middlebrooks and all Defendants previously identified as fictitious persons pursuant to R.4:26-4; engaged in misconduct in violation of N.J.S.A. 59:3-14 by knowingly violating specific commands of superior officers, and/or knowingly violating standing orders, including the Guidelines of the New Jersey Attorney General's Office with respect to police pursuits.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officer X. Santiago, Officer F. Oloyede and Sgt. I. Ferreira and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officers Joe Cocuzza, Ronald Gartell, Carlos Graca and Timothy Middlebrooks and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX  fictitious named persons

-22-

pursuant to R.4:26-4; and the City of Elizabeth, City of
Elizabeth Police Department, its actual Officers Y. Belon and  P.
Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON
STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious
named persons pursuant to R.4:26-4; and Waleed Dozier and Qimmah
Dozier jointly, severally or in the alternative, for compensatory
damages, punitive damages, interest and costs of suit.

### COUNT TEN

1.   Plaintiffs Christopher Coon and Leida Coon, his wife,
repeat each and every allegation of Count One through Nine of the
Complaint as though set forth herein more fully at length.

2.   The action or inactions of Defendants, City of Newark,
City of Newark Police Department, Officer Y. Santiago, Officer F.
Oloyede, Sgt. I. Ferriera, City of Elizabeth, City of Elizabeth
Police Department, Officer Y. Bellon, Officer P. Fidalgo,
Township of Hillside, Township of Hillside Police Department,
Officer Joe Coccuzza, Officer Ronald Bartell, Officer Carlos
Graca, Officer Timothy Middlebrooks and all agents, servants, or
representatives of the City of Newark Police Department, City of
Elizabeth Police Department and Township of Hillside Police
Department previously identified as fictitious names pursuant to
R.4:26-4 deprived Plaintiff Christopher Coon of his rights,
violated his constitutional rights, violated Federal Civil Rights
Legislation including, but not limited to, 42 U.S.C.A. § 1983 or

otherwise and violated Plaintiff's civil rights through misconduct and arbitrary action under the code of state and local law.

WHEREFORE, Plaintiff, Christopher Coon demands judgment against the Defendants, City of Newark, City of Newark Police Department, its actual Officers X. Santiago, F. Oloyede and Sgt. I. Ferreira, and NASH BRIDGES, PONCH PONCHERELLO, T.J. HOOKER, BARNEY FIFE, MIKE HAMMER, THEO KOJAK, OFFICER JOE BOLTON, fictitious named persons pursuant to R.4:26-4; and the Township of Hillside, The Police Department of the Township of Hillside, its actual Officer Joe Cocuzza, Officer Ronald Gartell, Officer Carlos Graca and Officer Timothy Middlebrooks, and GUNTHER TOOTIE, FRANCIS MULDOON, ANTHONY BARETTA, STEVE McGARRETT AND JOE MANNIX fictitious named persons pursuant to R.4:26-4; and the City of Elizabeth, City of Elizabeth Police Department, its actual Officers Y. Belon and Officer P. Fidalgo, and DAVID STARSKY, KENNETH "HUTCH" HUTCHINSON, REMINGTON STEEL, OFFICER KRUPKE, BARNEY MILLER, AND SAM SPADE, fictitious named persons pursuant to R.4:26-4; and Waleed Dozier and Qimmah Dozier

jointly, severally or in the alternative, for compensatory
damages, punitive damages, interest and costs of suit.

                          JAVERBAUM WURGAFT HICKS KAHN
                          WIKSTROM & SININS
                          Attorneys for Plaintiffs

                          by: _____
Dated: January 14, 2010        Kenneth S. Javerbaum

<u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs hereby demand a Trial by jury as to all issues.

> JAVERBAUM WURGAFT HICKS
> KAHN WIKSTROM & SININS
> Attorneys for Plaintiffs
>
> by: _Kenneth S. Javerbaum_____

<u>NOTICE OF TRIAL COUNSEL</u>

Please take notice that Kenneth S. Javerbaum, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, pursuant to Rule 4:25 et. seq.

> JAVERBAUM WURGAFT HICKS KAHN
> WIKSTROM & SININS
> Attorneys for Plaintiffs
>
> by: _Kenneth S. Javerbaum_____

-26-

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C(1)** within 60 days of the filing of defendant's Answer to this Complaint.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within 60 days of the filing of defendant's answer to this Complaint.

### SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT
### TO RULE 4:17-1(b)(I)

S1.   If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact or law upon which you will rely to support such contention.

S2.   Pursuant to Rule 4:17-4, please designate any information set forth in your answers to these interrogatories which is not within the answerer's personal knowledge and as to that information please state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document(s) including the location thereof.

S3. State the name and address of the location where the operator of Defendant's motor vehicle last entered Defendant's motor vehicle prior to the time of the alleged accident.

S4. Beginning from the location where the operator of Defendant's motor vehicle last entered said vehicle prior to the accident as set forth in the immediately preceding interrogatory, describe the course of travel taken by the operator of Defendant's vehicle up to the location of the accident setting forth street names and directions traveled.

S5. State whether an estimate of the damage to Defendant's vehicle was made subsequent to the subject accident, and if so, please state the name and address of the person, firm and/or corporation providing the estimate of damage, the date the estimate of damage was obtained and annex hereto a copy of any written estimate.

S6. If these answers to interrogates are signed and/or certified to by someone other than the defendant, please indicate in detail, all efforts made by the answering party to locate the defendant, including but not limited to, the date(s) of attempted contact, the mode(s) of attempted contact and the response(s) to each attempted contact. If an individual other than the defendant responded to the attempted contact, please identify that individual by name, address and phone number and provide the date of the response.

DATED: January 14, 2010

## CERTIFICATION

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING......................YES_____ NO__X__

   A. If YES - Parties to other Pending Actions.
   B. In my opinion, the following parties should be joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?.................YES_____ NO_X__

   A. If YES - Parties contemplated to be joined, in other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?............YES_____ NO__X__
   A. If YES - Parties to Arbitration Proceedings.

   B. In my opinion, the following parties should be joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?...YES_____ NO__X__

   A. If YES - Parties contemplated to be joined to Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
    Kenneth S. Javerbaum

DATED: January 14, 2010

-29-